JOSEPH HOPPOCK v. THE. EASTON TRANSIT COMPANY
    AND THE PHILLIPSBURG HORSE CAR RAILROAD
    COMPANY.

Argued November 4, 1908—Decided February 23, 1909.

1. It is not negligence *per se* for a passenger to ride on the step of
   a platform of a street car, with the knowledge and consent of the
   agents in charge thereof, when it appears that there was no room
   in the car nor on the platform.
2. A verdict on conflicting evidence will not be set aside unless
   clearly against the weight of the evidence.
3. A court will not set aside a verdict as excessive unless it is per-
   fectly plain that it is so.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the plaintiff, *William C. Gebhardt.*

For the defendants, *W. H. Walters* and *George H. Large.*

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought to recover dam-
ages for injuries sustained by the plaintiff while a passenger
on a trolley car.

At the trial a nonsuit was directed as to the defendant the
Phillipsburg Horse Car Railroad Company, but the plaintiff
recovered a verdict against the defendant the Easton Transit
Company.

That defendant was allowed a rule to show cause why this
verdict should not be set aside.

The plaintiff boarded a trolley car of the Easton Transit
Company at a point where it stopped to take on passengers.
It was a closed car, and all the room inside and on both rear
and front platforms was completely occupied by other pas-
sengers.   Because of the crowded condition of the car the

plaintiff rode on the step of the front platform. He paid his fare.

According to the testimony of the plaintiff and his witnesses, he was hit and knocked off the car, and injured, by an overhanging pole of the defendant company.

It seems to be undisputed that a pole belonging to the defendant leaned over towards the car in such manner as was naturally calculated to hit a man standing upon the step.

The first reason urged why a new trial should be granted is the refusal of the trial judge to direct a verdict upon the ground of contributory negligence of the plaintiff.

We are first asked to conclude that the plaintiff was negligent in riding upon the step, but we think this question was properly submitted to the jury. It appeared to be undisputed that the car was crowded, the seats in the car and the standing room inside and on the platforms being completely occupied. Moreover it was fairly open to the jury to find from the testimony that the plaintiff rode on the step with the knowledge and consent of the motorman and conductor. Under such circumstances he was not conclusively guilty of negligence. *City Railway Co.* v. *Lee,* 21 *Vroom* 435; 6 *Cyc.* 651, 655.

It is next urged that the plaintiff was rendered guilty of contributory negligence by voluntary intoxication which contributed to his injury.

It is, of course, true that when one, by reason of his own voluntary intoxication, exposes himself to danger and receives injuries which he could, and by the exercise of ordinary prudence would, have avoided if sober, he is guilty of contributory negligence and cannot recover for such injuries. *Bageard* v. *Consolidated Traction Co.,* 35 *Vroom* 316.

But with respect to the question whether the plaintiff was intoxicated there was a conflict of testimony, and we are unable to say that the testimony of the defendant outweighed that of the plaintiff. We, therefore, cannot say that the plaintiff was guilty of contributory negligence by reason of intoxication.

The next reason urged seems to be that the plaintiff fell off the car and that his fall was occasioned by his intoxication, and not by being hit by the overhanging pole.

With respect to this contention it is sufficient to say that there was the same conflict of testimony, and we cannot set aside the verdict upon this ground.

The last reason urged why the verdict should be set aside, requiring consideration, is that the verdict is excessive.

It appeared that the plaintiff was a laboring man, forty-two years old; that the wheels of the car ran over both his hands, cutting off the thumb of one hand and the first and second finger of the other hand.

While we regard the verdict of $3,850 as large, we cannot say it is so plainly excessive as to justify us in disturbing it.

The rule to show cause will be discharged.