JOHN T. BRAY, PLAINTIFF-RESPONDENT, v. JAMES A. GROSS, DEFENDANT-APPELLANT, AND HAYWARD T. SOCKRITER AND VICTOR LYNN LINES, INC., DEFEND-ANTS-RESPONDENTS, CONSOLIDATED WITH VICTOR LYNN LINES, INC., A CORPORATION, PLAINTIFF-RE-SPONDENT, v. FANNIE W. GROSS AND JAMES A. GROSS, DEFENDANTS-APPELLANTS, AND JOHN T. BRAY, DE-FENDANT-RESPONDENT.

Argued October 4, 1954—Decided November 8, 1954.

*Mr. Edward W. Eichmann* argued the cause for appellants.

*Mr. Sidney S. Stark* argued the cause for respondents Victor Lynn Lines, Inc., and Hayward T. Sockriter (*Mr. Irving H. Lewis,* attorney for defendants-respondents Hayward T. Sockriter and Victor Lynn Lines, Inc.; *Mr. Albert B. Melnick,* attorney for plaintiff-respondent Victor Lynn Lines, Inc.; *Messrs. Bleakly, Stockwell & Zink,* attorneys for John T. Bray, plaintiff-respondent).

The opinion of the court was delivered by

WACHENFELD, J. The inquiry here is a novel one revolving around the application of the recently enacted Joint Tortfeasors Contribution Law, *L.* 1952, *c.* 335, *N. J. S. 2A:53A–1 et seq.*

Two actions were instituted arising out of a single highway accident in which a tractor-trailer and two automobiles were involved. They were consolidated for trial.

In the first, Victor Lynn Lines, Inc., owner of the truck, sued John T. Bray, owner and operator of one of the automobiles, and James A. Gross, driver of the other car, joining also as a defendant Gross' wife, owner of the car he drove and an occupant of it at the time of the accident. In the

second, Bray sued Victor Lynn Lines, its driver, Hayward T. Sockriter, and Gross. Gross sought no relief by way of counter-claim or cross-claim against either plaintiff or defendant. At the close of the plaintiff's case in the first suit, the defendant Bray moved to dismiss Victor Lynn Lines' complaint as to him and the plaintiff assented.

The converse occurred on the completion of the plaintiff's case in the second action. Victor Lynn Lines moved for a dismissal of Bray's suit against it and its driver, over the mild protest of the plaintiff. The attorney for the defendant Gross, who even doubted his right to address the court because he represented neither of the parties involved in the motion, suggested that testimony still to come might show negligence on the part of the truck driver, but the court nevertheless granted the motion. Nothing had been called to the court's notice up to this time of a possible right of contribution between the co-defendants in the suit brought against them by Bray.

The trial proceeded with Gross the sole defendant in the Bray action and Gross and his wife the only defendants in the Victor Lynn Lines action. When all the testimony had been submitted and before the cases were to be submitted to the jury, Gross' attorney moved to vacate the order of dismissal of the complaint by Bray against Victor Lynn Lines, Inc., and its driver Sockriter, alluding for the first time to the possible right of contribution Gross might have against his co-defendant in the action under the Joint Tortfeasors Contribution Law.

The motion was denied, although the court commented that had the contribution aspect of the matter been brought to its attention in the first instance, it would have granted the dismissal without prejudice and so would modify its order to that extent, no objection being interposed by counsel for Victor Lynn Lines and Sockriter.

The jury returned verdicts of $7,500 for Bray and $2,242.22 for Victor Lynn Lines, and judgments were entered accordingly. The appeal in both actions to the Appellate Division is brought here by certification on our own motion.

The appellant contends there was error because the dismissal of Bray's action against the trucking company occurred before he, Gross, had the opportunity to prove the "tort feasorship" of his co-defendant and so establish his claim to contribution.

Prior to the recent enactment of the contribution statute, we adhered to the common law rule of no contribution between joint tortfeasors. *Malinauskas v. Public Service Interstate Transp. Co.,* 6 *N. J.* 269 (1951). A joint tortfeasor was not liable to defendant and could not be joined as a third-party defendant. *Douglas v. Sheridan,* 26 *N. J. Super.* 544 (*Law Div.* 1953).

Under the act, a joint judgment is not a necessary prerequisite to the right of contribution. The liability of a third party may be determined in a separate suit for contribution after judgment in the basic action has been entered and paid. *Sattelberger v. Telep,* 14 *N. J.* 353 (1954). To avoid multiplicity of action, however, the defendant does have the right, under *R. R.* 4:14-1, formerly *Rule* 3:14-1, on motion granted, to bring in a third-party defendant "who is or may be liable to him for all or part of the plaintiff's claim against him." The granting or denial of such a motion is largely discretionary with the trial court. *Reinhardt v. Passaic-Clifton Nat'l Bank,* 16 *N. J. Super.* 430 (*App. Div.* 1951), affirmed 9 *N. J.* 607 (1952).

The precise point raised on the instant appeal has not been adjudicated in our jurisdiction, but one phase of the problem has already been passed upon in *Sattelberger v. Telep, supra.* There Telep had been brought in as a third-party defendant in a negligence suit by one Ierly against Sattelberger. The amended complaint alleged no negligent acts against Telep and was, as to him, subsequently dismissed. Judgment was entered against Sattelberger alone and he thereafter sued Telep for a *pro rata* contribution.

It was contended that the dismissal of the complaint as to Telep in the basic case amounted to an adjudication on the merits under *Rule* 3:41-2, now *R. R.* 4:42-2, and the trial court dismissed the claim for contribution "for failure

to state a cause of action based upon the Joint Tortfeasors Act of 1952."

We reversed, holding that since the complaint in the basic action did not charge Telep with negligence or any tortious act, there was no triable issue between him and Ierly, the plaintiff in that action. The finding so made did not, however, preclude his co-defendant from introducing testimony in his own defense which might inculpate Telep.

In the action presently before us the complaint filed by Bray against Victor Lynn Lines did allege negligence, and the involuntary dismissal of the complaint at the conclusion of the plaintiff's case, in the ordinary course, operates as an adjudication on the merits and is dispositive of the issue between those two parties. *R. R.* 4:42–2. *Truhlar v. Borough of East Paterson,* 4 *N. J.* 490 (1950).

Had Gross moved, at the time the motion for the dismissal of the complaint against Victor Lynn Lines was made, to file a cross-claim against the trucking company as a third-party defendant "who is or may be liable to him (Gross) for all or part of the plaintiff's claim" or to have the motion held until the completion of the defendant's case, it appears from the trial court's comment that it would have acted differently. No such motion was made at the time, however, nor was there any objection to the dismissal on the ground of a possible right of contribution, and Victor Lynn Lines, by the ruling on its motion for dismissal, was excused from the case as a party defendant.

The subsequent refusal of the court to vacate the order of dismissal was not error. Just as a motion for judgment must state specifically the grounds therefor, *R. R.* 4:51, *Domestic Fuel Co. v. American Petroleum Corp.,* 6 *N. J.* 538 (1951), so the party opposing such a motion must reveal the legal basis of his opposition. "Parties are at liberty at any time to bring a substantial objection to the attention of the court, but if they conceal their aims, they must suffer the perils of the concealment." *Domestic Fuel Co. v. American Petroleum Corp., supra; Garretson v. Appleton,* 58 *N. J. L.* 386 (*E. & A.* 1895). And objections must be

timely. *Beam v. Kent*, 3 *N. J.* 210 (1949); *Willett v. Morse*, 71 *N. J. L.* 104 (*Sup. Ct.* 1904).

We see no justification for criticism of the trial court under the circumstances. The difficulty encountered was new and novel and no procedure had been established constituting a precedent. The exigencies of the situation may require a modification of the present rule, *R. R.* 4:14–1, in accordance with the light shed by the Joint Tortfeasors Contribution Act. Apprehension of such a development was indicated by the court's utterance when the motion was made to vacate the judgment of dismissal:

"This seems to be a little bit novel, and I can see that unless there is some appellate decision on this matter which would guide the trial courts, that the courts would be at a loss to know whether to grant an application for dismissal at the end of the plaintiff's case or at the end of the defendant's case."

■ Perhaps the best solution of the dilemma, in like cases hereafter, in tort actions where there is more than one defendant, would be to withhold rulings on motions for dismissal, unless the circumstances are unusual, until the conclusion of the entire case if any co-defendant shall so request. Such an application, based on the Joint Tortfeasors Contribution Act, would then be deemed to have the effect of an impleader holding the parties in *status quo* until all the evidence on their liability and the right of contribution has been adduced. The statutory purpose of resolving, as far as practicable, all the issues in a single action will thus be best served.

It is not intended to attempt to pierce the vagaries and uncertainties of the future and in anticipation to dedicate ourselves to a particular path. Each case, until the difficulties are cleared, will have to be adjudicated as the equation arises, to determine compliance with the new act and whether the court used sound judicial discretion in the facts encountered. Our only obligation here is to decide the question presented, which we have done. Our sojourn in the horizons of tomorrow is merely suggestive, in an endeavor to avoid

inequities as well as surplus and circuitous litigation, which the law abhors.

The contention based on the possibility that the dismissal granted without prejudice in one case unduly influenced the jury when determining the companion case in which Victor Lynn Lines was the plaintiff, has little merit.

The situation was adequately covered by the trial court's charge that this fact was not to sway them in their findings in the cases presented to them and they were to decide the matter upon the evidence submitted, and again when the court, at the end of the charge, reverted to the question and instructed the jury that the failure by Bray, as plaintiff, to prove negligence on the part of Victor Lynn Lines did not preclude a finding of such negligence as a bar to recovery if the jury believed the co-defendant Gross had proved it.

The jury was correctly and sufficiently advised of the legal principles governing its deliberations in this respect.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices WACHENFELD, BURLING, JACOBS and BRENNAN—5.

*For reversal*—Justices HEHER and OLIPHANT—2.