54 N.J. Super. 500 (1959)
149 A.2d 611
ANTHONY DONOFRIO, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
FARR LINCOLN MERCURY, INC., DEFENDANT-APPELLANT, AND JOSEPH L. REIDY, DEFENDANT-RESPONDENT, AND FOSSETT BUS CO., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 1, 1958.
Decided March 17, 1959.
*502 Before Judges PRICE, SCHETTINO and GAULKIN.
Mr. H. Curtis Meanor argued the cause for defendant-appellant (Messrs. Emory, Langan, Lamb & Blake, attorneys; Mr. Arthur J. Blake and Mr. Paul B. Thompson, of counsel).
*503 Mr. Arthur Slavitt argued the cause for plaintiff-respondent.
Mr. Robert L. Clifford argued the cause for defendant-respondent Joseph L. Reidy (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys).
Defendant-respondent Fossett Bus Company filed no brief and did not appear.
The opinion of the court was delivered by GAULKIN, J.A.D.
Anthony Donofrio (Donofrio) sued Farr Lincoln Mercury, Inc. (Farr), Joseph L. Reidy (Reidy), and Fossett Bus Co. (Fossett), for injuries he sustained when struck by a radiator which fell from the wall of premises owned by Reidy, rented by him to Farr, and sublet by the latter to Fossett. Donofrio recovered a judgment in the Superior Court of $7,500 against Farr, but the jury returned a verdict in favor of Reidy and Fossett. Farr's notice of appeal says it is "from the final judgment * * * entered in favor of plaintiff * * *" His notice of appeal does not challenge the judgments in favor of Reidy and Fossett.
Plaintiff cross-appeals from the judgments in favor of Reidy and Fossett, but he admits in his brief that he has done so only "In order to protect the interests of the plaintiff * * *. It is not plaintiff's purpose at this time, however, to suggest error at the trial below with respect to defendants Reidy and Fossett Bus Co. Should the court ultimately order a retrial of the cause, plaintiff would in that event urge that all parties be included." On the contrary, plaintiff argues that there was no error and that the judgment should be affirmed. Therefore we shall not consider plaintiff's appeal. Cf., Mijon v. Acquaire, 51 N.J. Super. 426, 437 (App. Div. 1958), certification denied 28 N.J. 146 (1958).
Farr appeals on two grounds. The first is that the court below erred in its charge relating to res ipsa loquitur. The second ground of appeal is that "The court below erred in refusing to permit the jury to pass upon the meaning of the *504 phrase `structural repairs' contained in the lease" from Reidy to Farr.
When Farr's counsel objected to the court's original charge on res ipsa loquitur, the court admitted that the charge may have been inaccurate. He therefore called back the jurors and said to them, "I instruct you to disabuse your minds of everything I said as to res ipsa loquitur, and I will now state the rule to you as I think it is applicable in this case. * * *" He then stated what he conceived to be the correct rule. To this statement there was no objection by Farr's counsel. The accuracy of this charge may therefore not now be urged as a ground of appeal. R.R. 4:52-1.
Before dealing with the second ground of appeal (which involves only Reidy) we deem it important to point out the following considerations, nearly all of which apply to the first ground of appeal as well. As we have said, the notice of appeal is from the judgment in favor of plaintiff and makes no mention of the judgments in favor of Reidy and Fossett; and in Farr's argument on this appeal the judgment in favor of plaintiff is not attacked on any ground. In effect, Farr does not contend that plaintiff should not hold the judgment against Farr, but that Reidy and Fossett should also have been held liable.
Farr filed no cross-claim against Reidy nor did he ask any relief against him in the pleadings, the pretrial order, or at the trial. Even if Reidy were also liable to plaintiff, that would not be a defense, in whole or in part, to Farr as against plaintiff. Snyder v. I. Jay Realty Co., 53 N.J. Super. 336 (App. Div. 1958); Longi v. Raymond-Commerce Corp., 34 N.J. Super. 593 (App. Div. 1955); Restaino v. Griggs Motor Sales, Inc., 118 N.J.L. 442 (Sup. Ct. 1937). Respondent Reidy therefore contends in his brief that Farr "has no standing in this court to challenge the propriety of the judgment in favor of defendant Reidy and against plaintiff," citing Mijon v. Acquaire, supra.
The general rule is that one defendant in a tort action may not assert as a ground of appeal error favorable *505 to a co-defendant, unless that error also prejudiciously implicated appellant's own defense to the plaintiff's action. "[W]here two defendants are charged as joint tort-feasors and one is discharged, even if erroneously, the other is not entitled to urge the error; the question being whether he himself is liable and not whether the other defendant is." Rose v. Squires, 101 N.J.L. 438, 439 (Sup. Ct. 1925), affirmed 102 N.J.L. 449 (E. & A. 1925); Annotation, "Right of defendant to complain, on appellate review, of instructions favoring co-defendant," 60 A.L.R.2d 524-563. Cf. Malinauskas v. Public Service Interstate Transp. Co., 6 N.J. 269 (1951); Price v. Greenway, 167 F.2d 196, 200 (3 Cir. 1948); Pearlman v. Truppo, 10 N.J. Misc. 477 (Sup. Ct. 1932).
That general rule may be affected in a particular case by cross-claims (such as for contribution) asserted by the one defendant against the other. Bray v. Gross, 16 N.J. 382 (1954); Longi v. Raymond-Commerce Corp., supra; 60 A.L.R.2d, supra, at page 557. Cf. Sattelberger v. Telep, 14 N.J. 353 (1954). However, here appellant asserted no claim against Reidy at the trial. Even on this appeal appellant does not say that it was in respect to a claim it had against Reidy for contribution or indemnity that it was prejudiced by the challenged charge.
Indeed, appellant does not say in its brief how it claims it was injured by the allegedly erroneous charge. If it means to argue that with a proper charge regarding Reidy's liability the jury might have returned a verdict against Reidy and in favor of appellant, that argument must be rejected for it is admitted that the court charged the jury properly upon the elements of negligence as it affected appellant, and it is not contended that the verdict against appellant was against the weight of the evidence. Therefore we must assume that there would have been judgment against appellant even if there had been judgment also against Reidy.
Since appellant may have intended to claim that the error prejudiced its right of contribution against Reidy, we shall explore that question further. It is true that a *506 defendant in tort need not cross-claim against a co-defendant to preserve his right to seek contribution from him. If there is a judgment against both and one pays more than his share, he may thereafter seek contribution from the other in a separate action, even though he did not cross-claim in the original action. Bray v. Gross, supra; Sattelberger v. Telep, supra. On the other hand, where no cross-claim has been filed a judgment in favor of plaintiff against both defendants is not conclusive that the defendant who thereafter pays more than his share of the judgment is entitled to contribution from the other. Contractual or status relationships of the defendants inter sese may block the right to contribution. "Contribution has its roots in the equitable principle of equality among those in aequali jure, a sharing of the common responsibility according to equity and natural justice * * *," and in an action for contribution (by cross-claim or separate suit) "every defendant may, of course, set up any defense personal to him." Sattelberger v. Telep, supra, 14 N.J. at page 367. Cf. Kennedy v. Camp, 14 N.J. 390 (1954); Farren v. New Jersey Turnpike Authority, 31 N.J. Super. 356 (App. Div. 1954).
Not every defendant believes he is entitled to contribution from his co-defendant. In the case at bar, appellant might have cross-claimed against Reidy not only for contribution but (if the lease may be construed as appellant now claims) perhaps even for total indemnification. Since appellant did not file any cross-claim, nor even say orally at the trial that it asserted one, it may be that appellant was then of the opinion that, because of the obligations it owed to Reidy under the lease or for other reasons, it had no right of contribution or indemnity against Reidy. In any event, not having asserted any right against Reidy at the trial, it has no standing now to urge the charge in favor of Reidy, even if erroneous, as a ground of appeal. Bray v. Gross, supra; Mijon v. Acquaire, supra.
In Bray v. Gross, supra, it was held that a judgment of involuntary dismissal, entered at the end of the plaintiff's case on the merits in favor of one defendant, barred any *507 subsequent action for contribution against him by the other defendant. Nevertheless it was held that where the defendant against whom judgment was entered had filed no cross-claim, and had not made known to the court his claim for contribution, he could not complain of the dismissal even though he had "suggested that testimony still to come might show negligence" on the part of the dismissed defendant. Cf. R.R. 4:14-1(b). There are sound reasons for such a rule. When a cross-claim is filed the pleadings and discovery on the cross-claim enlighten the trial court as to the situation between the defendants and enable it to avoid unlawful prejudice to either. Such a cross-claim also enables a reviewing court to determine whether the alleged error in favor of one defendant was indeed prejudicial to the other. Any other course would enable an appellant who never believed that he had any rights against his exonerated co-defendant, and who never asserted any claim against him, to appeal upon alleged errors favorable to the exculpated defendant.
For the foregoing reasons we hold that the appellant has no standing to complain of this alleged error in the charge.
However, since the case was tried prior to our decision in Mijon v. Acquaire, supra, and since the question of appellant's standing to appeal is relatively novel, we have studied this ground of appeal on its merits and find in it no error. Read in the context of the entire charge the portion of it which is challenged, though not as clear as it might have been, was not prejudicially erroneous. The court submitted to the jury the issue of the liability of Reidy at considerable length, as well as the question whether Reidy alone was liable for plaintiff's injuries. For example, the court told the jury, "The theory of the plaintiff's case is this: Mr. Reidy, the owner * * * retained control of the heating equipment in this building which, according to the plaintiff's theory, included this radiator." He pointed out to the jury that an "element which you should take into consideration in determining whether or not Mr. Reidy * * * exercised any control over this radiator * * * [is that] in 1951 *508 he went to the premises and at the insistence, I think, of the tenant, disconnected a 1 1/2 inch steam line and a three-quarter inch return line that were hooked in that radiator. He left it hanging on those two brackets * * * there is also evidence that at the insistence of his tenant, Farr Lincoln Mercury, Inc., he had at some other time put up and connected a radiator. * * * [T]hat * * * has significance so far as it may bear on the fact whether Mr. Reidy, the owner, maintained control of the heating apparatus for the radiators in this building and it is an element that you should take into consideration in arriving at that question. * * *"
The portion of the charge attacked by the appellant was that "A structural repair is one that affects a vital and substantial part of the premises, and this wall radiator I suggest to you cannot be considered as a vital or substantial part of the premises." The words "structural repairs" appear in the lease from Reidy to Farr. Read in the context of the entire charge, the attacked portion of the charge was merely a correct general definition of "structural repairs." Bertsch v. Small Investments, Inc., 4 N.J. 520 (1950). Under the facts of this case the comment of the judge that upon the evidence the radiator "cannot be considered as a vital or substantial part of the premises" was a perfectly proper one. Laying aside the fact that it was merely a radiator (cf., Monohan v. Baime, 125 N.J.L. 280 (E. & A. 1940)), this particular one had not been a part of the heating system since 1951. In that year Reidy had detached the steam and return lines from the radiator (as mentioned by the judge in his charge) and carried them away from the radiator (which hung much closer to the floor than to the ceiling) to a new union high on the wall, close to the ceiling, to protect a newly installed sprinkler system. The accident did not happen until five years later. During the latter years of that five-year period the premises were occupied by appellant for the storage and movement of automobiles, under circumstances which entitled the jury to believe that during that time the radiator had been struck by appellant's vehicles *509 in such a fashion as ultimately to cause it to fall upon plaintiff.
In any event, taking the charge as a whole, it left to the jury the issue of Reidy's liability sufficiently to rebut the attack now made upon it. In that connection it must be noted that appellant submitted no requests to charge embodying the arguments of practical construction by the parties and so forth that appellant now urges. Where a party wishes a charge tailored to what he conceives to be the special facts in his case he should prepare and submit it to the court. If he does not he must be content with the style and the generality of what he gets. Furthermore, it is to be noted that the exception taken to the charge was far narrower than the argument now leveled against it. The exception was not, as is now argued, that the court had charged the jury that Reidy was under no obligation to repair the radiator. It was merely, "I also except [to] that portion of the charge in which Your Honor said that the radiators are not part of the structure of the building." As has been stated, whether Reidy had by his actions shown that he had retained or assumed the obligation to keep the radiator in repair was submitted to the jury.
For the foregoing reasons, the judgment is affirmed.