125 N.J. Super. 361 (1973)
311 A.2d 179
GERALDINE TIGER AND RAYMOND TIGER, HER HUSBAND, PLAINTIFFS-RESPONDENTS,
v.
AMERICAN LEGION POST NO. 43 AND LEONARD CLARK, DEFENDANTS-RESPONDENTS, AND RONALD M. HEYMANN, DIRECTOR OF MOTOR VEHICLES OF STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1973.
Decided October 30, 1973.
*364 Before Judges CARTON, SEIDMAN and GOLDMANN.
Mr. Thomas P. McHugh argued the cause for defendant-appellant Ronald M. Heymann, Director of Motor Vehicles of New Jersey (Messrs. Gurry & Conlan, attorneys).
Mr. Peter A. Benz argued the cause for plaintiffs-respondents.
Mr. John J. O'Donnell argued the cause for defendant-respondent American Legion Post No. 43 (Messrs. O'Donnell, Leary & D'Ambrosio, attorneys), and also for defendant-respondent Leonard Clark (Mr. Thomas H. Green, attorney).
The opinion of the court was delivered by SEIDMAN, J.A.D.
This appeal involves a personal injury negligence action brought by plaintiff Geraldine Tiger and her husband against American Legion Post No. 43 (Post), its employee and bartender Leonard Clark, and the Director of the Division of Motor Vehicles. She claimed that the American Legion Post, through the bartender, negligently served her alcoholic beverages while she was visibly intoxicated, *365 thus proximately contributing to her being struck and injured by a hit-and-run vehicle. Recovery was sought from the Director of the Division of Motor Vehicles pursuant to N.J.S.A. 39:6-78, the Unsatisfied Claim and Judgment Fund Law, because of the alleged negligence of the unknown driver. Her husband sued per quod.
All defendants charged her with contributory negligence. No cross-claims were asserted among themselves, but the Post and Clark counterclaimed against Mr. Tiger for indemnification and contribution because of his negligence in permitting his wife to go to the bar operated by the Post.
At the close of the evidence defendants Post and Clark moved to dismiss the complaint on the ground that there was no proof that their alleged negligence proximately caused plaintiff's injuries. Plaintiff offered no resistance to the motion, but the Director opposed it. The motion was granted.
The trial judge denied the Director's motion for dismissal, sought on the grounds that plaintiff had not proved the involvement of a hit-and-run vehicle, that she had failed to make all reasonable efforts to identify the alleged hit-and-run driver, and that she was guilty of contributory negligence as a matter of law.
Plaintiff's motion to strike the defense of contributory negligence was granted.
The jury returned a verdict in favor of Mrs. Tiger in the sum of $7,300 and one in favor of her husband for $3,200. Subsequently, on motion and after hearing argument, the trial judge entered an order directing the Fund to pay $10,000, plus costs and interest under R. 4:58.
The Director appeals, contending that the trial judge erred in (1) denying his motion for dismissal, (2) striking the defense of contributory negligence and refusing to charge it, (3) granting the dismissal motion of the co-defendants (4) failing and refusing to charge the jury on plaintiff's burden to establish she was struck by an unidentified vehicle, (5) ordering payment by the Unsatisfied Claims and Judgment *366 Fund even though plaintiff had failed to make reasonable efforts to identify the owner or driver of the unknown vehicle, and (6) allowing plaintiff costs and interest on the judgment.
From our canvass of the record we believe there are only two substantial issues in this case, namely, whether the trial judge properly struck the defense of contributory negligence and whether the Director has standing to challenge the dismissal of the complaint as to the co-defendants.
The trial disclosed that plaintiff was admittedly an alcoholic who tended to black out when drinking and who had been under medical treatment for the problem. She testified that on Sunday, February 23, 1969, the date of the accident, she intended to go to an Alcoholics Anonymous meeting, but decided to stop first at the American Legion hall, arriving about 3 p.m., accompanied by her brother and a boarder who lived in her home. (She was known at the hall as a heavy drinker and had been seen there in an intoxicated condition on other occasions.) Instead of the Coca-Cola she said she intended to have, she ordered a "Seven and Seven" from defendant Clark, the bartender. She could not recall whether it was after that drink or a second one, but she remembered nothing thereafter until she awoke in the hospital.
Whether Clark served her an alcoholic beverage and, if so, how much, was in dispute. There was testimony of his serving her three drinks and of her becoming belligerent and abusive and refusing to leave the hall. Clark, however, testified he came on duty at about 6 p.m. and served her only one rye and ginger ale, refusing her any more because she was drunk.
There were no eyewitnesses to the accident and almost all the evidence pertaining to it was circumstantial. Plaintiff's brother left the hall about 4 p.m., taking with him the automobile in which they had come. Mrs. Tiger, when last seen in the hall, about a half-hour before the accident occurred, was in an intoxicated state. She was found about 9 p.m., *367 badly injured and lying face down in the roadway at the edge of the driveway leading to the hall. It was snowing heavily. Her coat was covered with grease, dirt and stone particles, and her wristwatch was nearby. Her purse and pieces of her eyeglass lens were found in the driveway approximately 20 feet from the door. One of the officers who spoke to her at the hospital said she told him she had not wanted to wait for her husband, that she remembered walking down the driveway, and that she was struck either in the driveway or at the end of it. A medical witness was of the opinion that her injuries were "compatible with a car-type injury".
The proofs were understandably meager; nevertheless, viewing the circumstances in their totality and giving plaintiffs the benefit of all favorable inferences from them, sufficient circumstantial evidence existed from which a jury could reasonably have concluded that Mrs. Tiger had been struck by some kind of moving vehicle either in the driveway or at the end of it, and been thrown or dragged to where she was found.
Other than the falling snow, there was no evidence of anything to obstruct a motorist's view of the road. But the weather conditions, as well as the absence of sidewalks, should have alerted the unknown driver not only to the fact that pedestrians might be walking at the edge of the road but also to the fact that the limited visibility required diligent observation. The jury could reasonably have inferred that the driver either never saw plaintiff or saw her too late to avoid striking her. The issue of the driver's negligence was, thus, properly submitted to the jury for determination. Jones v. Strelecki, 49 N.J. 513, 517 (1967). Moreover, since the driver failed to stop, there is the further inference or consciousness of lack of care and of liability for the occurrence. State v. Gill, 47 N.J. 441, 443 (1966); Jones v. Strelecki, supra, 49 N.J. at 519. The motion for a judgment of dismissal was properly denied.
*368 We also perceive no merit to the assertion that plaintiff failed to make reasonable efforts to identify the unknown vehicle or its driver. As for the contention that the trial judge failed to charge the jury that plaintiff had the burden of proving she was struck by an unidentified vehicle, we observe there was no objection to the charge.
The Director argues further that plaintiff was guilty of contributory negligence as a matter of law; or alternatively, that her conduct was such as to raise a factual issue for the jury's determination, and the trial judge erroneously struck the defense of contributory negligence.
Only in the clearest case of contributory negligence, where a contrary hypothesis is not fairly admissible, does the issue become one of law for the court to resolve. Battaglia v. Norton, 16 N.J. 171, 179 (1954); Poland v. Parsekian, 81 N.J. Super. 395, 402 (App. Div. 1963). The Director's assertion that plaintiff was contributorily negligent as a matter of law is without merit.
The substantial issue is whether the trial judge properly struck the defense of contributory negligence on the ground that there was no evidence that her intoxication was a proximate cause of the accident and of her resulting injuries. We are convinced that the defense should not have been stricken.
Plaintiff was an alcoholic with an admitted tendency to black out after drinking. That she was in a state of intoxication at the time of the incident is not in dispute. While carelessness is not necessarily to be inferred from mere proof of intoxication, a jury might find from the evidence that by voluntarily over-indulging in intoxicating liquor, with knowledge of the effect it would have upon her, plaintiff allowed her faculties to become impaired to the extent that she was unaware of what was happening and thereby exposed herself to danger and injuries which a sober person of ordinary prudence and foresight would have avoided. A jury might also find that plaintiff's condition was such that she was *369 unable to detect or comprehend the approach of the vehicle which struck her, either by hearing it or observing the beam of its headlights, or to step out of the way, if she was conscious of impending danger. Bageard v. Consolidated Traction Co., 64 N.J.L. 316 (E. & A. 1899); Hoppock v. Easton Transit Co., 77 N.J.L. 342, 343 (Sup. Ct. 1909); Petrone v. Margolis, 20 N.J. Super. 180, 188 (App. Div. 1952); Anslinger v. Martinsville Inn, Inc., 121 N.J. Super. 525, 534 (App. Div. 1972), certif. denied 62 N.J. 334 (1973).
In short, voluntary intoxication does not excuse acts or omissions which fail to conform to the conduct of one who is reasonably prudent and sober. Tabor v. O'Grady, 59 N.J. Super. 330, 339 (App. Div. 1966).
There were issues of contributory negligence and proximate cause which should have been submitted to the jury for determination. Not to do so was reversible error.
A more difficult problem is presented by the Director's assertion that the trial court erred in granting co-defendants' motion for dismissal.
There was sufficient evidence from which a jury could reasonably find that the bartender served liquor to plaintiff when he knew or should have known she was visibly intoxicated, and that he thereby created an unreasonable risk of harm and engaged in negligent conduct. Rappaport v. Nichols, 31 N.J. 188, 202-203 (1959). In such case the bartender and the American Legion Post might be held answerable for the injuries which resulted in the ordinary course of events from their negligence. Id. at 203. Contributory negligence would not be available as a defense. Soronen v. Olde Milford Inn, Inc., 46 N.J. 582, 589 (1966). Since it is reasonably foreseeable that a visibly intoxicated person might not be able to take care of herself or himself upon leaving the premises and thus become exposed to danger, it would be for the jury to determine whether co-defendants were negligent and if such negligence proximately caused or contributed to plaintiff's resulting injuries. The trial judge incorrectly ruled that there was no proof that *370 co-defendants' negligence proximately caused plaintiff's injuries.
The problem here, however, is not merely whether it was error to grant co-defendants' motion, but rather whether the Director is entitled to urge the error and seek a reversal of the judgment in their favor. The issue is not discussed in the briefs submitted and our own research has disclosed no case precisely in point.
Generally, one defendant in a tort action may not assert as a ground of appeal error favorable to a co-defendant unless that error also prejudicially affected his own defense to plaintiff's action. Donofrio v. Farr Lincoln Mercury, Inc., 54 N.J. Super. 500, 504-505 (App. Div. 1969). The rationale is that in such case the issue is whether he is liable and not whether the other defendant is. Rose v. Squires, 101 N.J.L. 438, 439 (Sup. Ct. 1925), aff'd 102 N.J.L. 449 (E. & A. 1925). See also Malinauskas v. Pub. Service Interstate Transp. Co., 6 N.J. 269, 275 (1951). A right of appeal from a judgment exists only in one who is aggrieved or prejudiced thereby, 4 Am. Jur.2d, Appeal and Error, § 182 at 691, or whose personal or pecuniary interest, or property right, is affected. In re Lazarus, 81 N.J. Super. 132, 136 (App. Div. 1963). Thus, for example, a defendant may appeal a judgment favoring a co-defendant if he has asserted a cross-claim for contribution against that party. Donofrio v. Farr Lincoln Mercury, Inc., supra, 54 N.J. Super. at 505.
In a suit involving a hit-and-run situation, where the Director of the Division of Motor Vehicles is impleaded solely by virtue of the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-80, and one or more additional alleged tortfeasors are joined as defendant(s), it is evident that the right to assert a claim for contribution is not available to or against the Director. This is because a judgment against the Director is reducible by any amount which the plaintiff may have received from known joint tortfeasors. N.J.S.A. 39:6-83.
*371 Based upon considerations of public policy and justice, we think that the inability of the Director to assert an adverse claim against a co-defendant in this kind of case ought not to bar him from appealing a judgment favorable to that party.
The purpose of the Unsatisfied Claim and Judgment Fund is to provide a measure of relief to persons who sustain losses or injury inflicted by financially irresponsible or unidentified operators of motor vehicles, where such persons would otherwise be remediless. Dixon v. Gassert, 26 N.J. 1, 5 (1958). See Feliciano v. Oglesby, 102 N.J. Super. 378, 390-391 (Law Div. 1968). It should be noted that before a claimant is entitled to have a judgment paid from the Fund, he must show, among other things, that he has not recovered a judgment against any other person in an action arising out of the accident, or, if he has recovered such judgment, what amounts, if any, he has received by way of payment thereon. N.J.S.A. 39:6-70.
If the Director is powerless to challenge the dismissal of the complaint against the co-defendants in this case and seek a reversal of the judgment, potentially culpable parties might escape having to respond in damages to the injured plaintiff, and the Fund would be required to pay the judgment, or so much of it as is within the statutory limit. Such result, it seems to us, would defeat the objectives of the statute.
We are convinced that in a case such as this the Director is sufficiently adversely affected by the judgment of dismissal to qualify as an aggrieved party entitled to appeal therefrom.
We conclude that the judgments must be reversed and the cause remanded for a new trial. Consequently, there is no need to consider the Director's further argument that the trial judge improperly allowed costs and interest on the judgment pursuant to R. 4:58-1. But see Crudup v. Marrero, 57 N.J. 353, 356 (1971).
*372 Reversed and remanded for a new trial, limited, however, in the case of defendant Director, to the issue of plaintiff's contributory negligence, and, in the case of defendants Post and Clark, to the issue of negligence (including of course, as to each, the related issue of proximate cause). Should plaintiffs prevail at the new trial against any or all of the defendants, judgments will be entered in the amounts previously awarded.