743 A.2d 353 (2000)
327 N.J. Super. 326
NEW JERSEY EDUCATION ASSOCIATION, Petitioner/Appellant,
v.
BOARD OF TRUSTEES, PUBLIC EMPLOYEES' RETIREMENT SYSTEM, and Board of Trustees, Teachers' Pension and Annuity Fund, Respondents/Respondents.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1999.
Decided January 19, 2000.
*354 Richard A. Friedman, Newark, for petitioner/appellant (Zazzali, Zazzali, Fagella & Nowak, attorneys; Mr. Friedman, on the brief).
Sherrie L. Gibble, Deputy Attorney General, for respondents/respondents (John J. Farmer, Attorney General, attorney; Mary C. Jacobson, Assistant Attorney General, of counsel; Ms. Gibble, on the brief).
Before Judges MUIR, Jr., WALLACE, Jr. and LESEMANN.
The opinion of the court was delivered by WALLACE, Jr., J.A.D.
The New Jersey Education Association (NJEA) challenges the validity of regulations adopted by the Board of Trustees of the Teachers' Pension and Annuity Fund (TPAF) and the Board of Trustees of the Public Employees' Retirement System (PERS). The regulations require all retired persons receiving a disability pension to undergo a medical examination if the Board has good cause to believe the retiree is no longer disabled. NJEA contends the regulations exceed the requirements of the underlying statutes and therefore are invalid. We agree and reverse.

I
The two challenged regulations, although they have minor variations in language, are identical in purpose and are based on similarly worded statutory authority and principles. The parties in their respective brief focus on the regulation adopted by the TPAF Board. We do likewise.
The TPAF is governed by a Board of Trustees which establishes rules and regulations for the administration and transaction of its business and controls the pensions entrusted to it. N.J.S.A. 18A:66-56. The TPAF provides pension allowances to retirees from the system, including those who retire based on a disability pension. N.J.S.A. 18A:66-39(b). This section provides that a member under sixty years of age who has ten or more years credit for New Jersey service may apply and be approved for a disability pension if a physician designated by the board shall first certify "that the member is physically or mentally incapacitated for the performance of duty and should be retired." Ibid. Subsection (c) of N.J.S.A. 18A:66-39 also allows the retirement of a member for accidental disability. N.J.S.A. 18A:66-39(c). A person retired on ordinary disability receives an allowance of at least forty percent of his annual compensation, while a person retired on an accidental disability pension receives two-thirds of his or her highest annual compensation. N.J.S.A. 18A:66-41(b); N.J.S.A. 18A:66-42(b).
N.J.S.A. 18A:66-40 [hereinafter the Statute] determines certain rights and obligations of members who retire on ordinary and accidental disability pensions. The Statute authorizes limited re-examination of these members as follows:
[o]nce each year the retirement system may, and upon his application shall, require any disability beneficiary who is under the age of 60 years to undergo medical examination by a physician or physicians designated by the system for a period of 5 years following his retirement in order to determine whether or *355 not the disability which existed at the time he was retired has vanished or has materially diminished. If the disability beneficiary is engaged in an occupation, then the amount of his pension shall be reduced to an amount which, when added to the amount then earned by him, shall not exceed the amount of the salary now attributable to his former position.
....
If a disability beneficiary, while under the age of sixty years, refused to submit to at least one medical examination in any year by a physician or physicians designated by the system, his pension shall be discontinued until withdrawal of his refusal. If the report of the medical board shall show that such beneficiary is able to perform either his former duty or other comparable duty which his former employer is willing to assign to him, the beneficiary shall report for duty; such a beneficiary shall not suffer any loss of benefits while he awaits his restoration to active service. If the beneficiary fails to return to duty within 10 days after being ordered so to do, or within such further time as may be allowed by the board of trustees for valid reason, as the case may be, the pension shall be discontinued during such default.

[Emphasis added]

[N.J.S.A. 18A:66-40(a).]
This Statute remains intact and has not been amended since 1971. The original implementing regulation, N.J.A.C. 17:3-6.13, effective on March 5, 1980, provided as follows:
(a) All disability retirants, under the normal retirement age, may be required to undergo a medical examination each year for a maximum period of five years by a physician designated by the Fund as of the anniversary date of their retirement, unless such examination requirement has been waived by the Board.
(b) Failure on the part of a retirant to submit to the required medical examination shall result in the automatic suspension of his retirement allowance until he submits to a medical examination.

[Emphasis added.]

[N.J.A.C. 17:3-6.13, as amended.]
In 1998, the Board proposed to amend N.J.A.C. 17:3-6.13 to provide as follows:
(a) All disability retirants may be required to undergo a medical examination each year for at least five years or for good cause thereafter by a physician designated by the System as of the anniversary date of their retirement, unless such examination requirement has been waived by the Board. Good cause means the receipt by the Board of creditable information that a member who is receiving a disability retirement allowance is no longer disabled.
(b) Failure on the part of a retirant to submit to the required medical examination shall result in the automatic suspension of his retirement allowance until he submits to a medical examination.

[Emphasis added.]

[N.J.A.C. 17:3-6.13, as amended.]
NJEA opposed the proposed amendment, contending as it does in this appeal, that it was unlawful because the requirements in the regulation go beyond the limitations of the Statute. NJEA urged that the Statute does not authorize examination of retirees who are over the age of sixty, and does not authorize subjecting disability beneficiaries under the age of sixty to additional examination and potential loss of benefits after five years, simply because there may be some reasonable suspicion the person may no longer be disabled.
In response, the Board claimed that the proposed amendment did not impose additional examination requirements on the majority of the disability retirees. 30 N.J.R. 2515. Instead, the Board noted that in the rare case where a retiree has recovered from a disability but continued *356 to collect benefits, it had a duty to determine if the retiree was eligible to continue to receive a retirement benefit. Ibid. Further, the Board referred to its interest in protecting the integrity of the Fund in adopting the amendment. Ibid.
The Board subsequently adopted the amendment to N.J.A.C. 17:3-6.13 in the proposed form. This appeal followed.

II
The sole issue is whether N.J.A.C. 17:3-6.13, as amended, is a valid exercise of the regulatory authority granted by the Legislature.
Before addressing this issue, we review the guiding principles regarding rules and regulations adopted by an administrative agency. Such rules and regulations are accorded a presumption of validity. New Jersey League of Municipalities v. Department of Community Affairs, 158 N.J. 211, 215, 729 A.2d 21 (1999). The party challenging the regulation has the burden of proof to overcome the presumption of validity. Ibid. This judicial deference derives from the agency's specialized expertise in dealing with the subject matter. Ibid. We are required to give great weight to the interpretation of legislation by the administrative agency to which enforcement is entrusted. Medical Soc'y of New Jersey v. New Jersey Dep't of Law & Pub. Safety, 120 N.J. 18, 26, 575 A.2d 1348 (1990). Nevertheless, there are limits to the deference we must accord the agency. A regulation may be set aside if it is arbitrary or capricious or "if it plainly transgresses the statute it purports to effectuate or if it alters the terms of the statute, or frustrates the policy embodied in it." In re Adoption of Amendments to N.J.A.C. 6:28-2.10, 3.6, 305 N.J.Super. 389, 401-02, 702 A.2d 838 (App.Div.1997).
NJEA urges that the regulation transgresses N.J.S.A. 18A:66-40 because, contrary to the regulation, the Statute does not authorize examination of retirees who are over sixty years of age or who have been retired and received disability retirement benefits for at least five years.
Thus, we must also consider the controlling rules of construction in construing a statute. When interpreting a statute, a court must first look at the wording of the statute to ascertain its plain meaning and intent. Bergen Com. Bank v. Sisler, 157 N.J. 188, 202, 723 A.2d 944 (1999). The primary task for the reviewing court is to effectuate the legislative intent in light of the language used and the objects sought to be achieved. Medical Soc'y of New Jersey, supra, 120 N.J. at 26, 575 A.2d 1348. "Where the statutory language is `clear and unambiguous' courts will implement the statute as written without resort to judicial interpretation, rules or construction, or extrinsic matters." Ibid.
We are satisfied the language of N.J.S.A. 18A:66-40 is clear and unambiguous. The Legislature has directed that if a member is under sixty years of age, once each year the Board may, and upon the member's application shall, require the member to undergo medical examination by a physician for a period of five years following his retirement to insure the disability is still present. Thus, the Statute clearly limits the Board to a five-year window to assess the totality and the permanency of the disability of retirees under sixty years of age. Despite these expressed limitations, the new regulation applies to all disability retirees, regardless of age, and allows the Board to require a physical examination for good cause after five years. It is obvious that the regulation exceeds the legislative requirements.
Recognizing that the regulation goes beyond the express limitations in the Statute, the Board argues that the various State pension funds have long asserted the inherent right to require an examination of a disability retiree after the five-year period noted in the Statute. Further, the Board asserts this long-standing practice of an *357 administrative agency, without interference by the Legislature, is evidence of the Legislature's intent.
We agree that in appropriate circumstances the long-standing practice of an agency without interference by the Legislature may be persuasive evidence of its conformity with legislative intent. However, it is equally true that "long continued error does not make valid what is clearly invalid." Gladden v. Board of Trustees of PERS., 171 N.J.Super. 363, 374, 409 A.2d 294 (App.Div.1979). In our view, the regulation is clearly invalid. We have no doubt that the Board is well-motivated in its attempt to insure that pension payments are not made to a pensioner who is no longer disabled. Nevertheless, the regulation clearly transgresses the plain language of the Statute. "Such an endeavor, however, wisely exerted, oversteps the boundaries of administration and trespasses upon the field of the Legislature." Frigiola v. State Bd. of Ed., 25 N.J.Super. 75, 81, 95 A.2d 491 (App.Div. 1953). Just because a regulation may be useful, does not necessarily make it valid. Ibid. The Board's well-intended efforts to expand the reach of the Statute are better addressed to the Legislature.
In sum, we conclude that, giving due regard to the presumption of validity which attaches to regulations promulgated by the Board, the disputed regulations, N.J.A.C. 17:2-6.13 and N.J.A.C. 17:3-6.13, exceed the statutory authority. To the extent the regulations require a physical examination for disabled retirees sixty years and over and provide for a physical examination for good cause after five years, the regulations are invalid.
Reversed and remanded.