SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

**Samuel Mejia v. Quest Diagnostics, Inc. (A-88-18) (082739)**

**Argued November 6, 2019 – Decided March 16, 2020**

**FERNANDEZ-VINA, J., writing for the Court.**

In this medical malpractice case, the Court must decide whether third-party defendant Dr. Jacinto Fernandez, facing only claims for contribution and common-law indemnification from an original defendant that did not file an affidavit of merit against him, must participate in the trial establishing the underlying liability.

Plaintiff Samuel Mejia, individually and as administrator of the estate of his late wife, Tania, filed a complaint against Quest Diagnostics, Inc., and two of its employees (the Quest defendants) for failure to detect Tania's cervical cancer. The Quest defendants then filed third-party claims against Fernandez. Plaintiff did not file an affirmative claim against Fernandez.

Fernandez filed an answer and demanded that Quest serve an affidavit of merit. The Quest defendants moved for an order declaring that they are not required to serve an affidavit of merit against Fernandez. The trial court granted that motion, which was unopposed. Fernandez never filed a motion for reconsideration.

Fernandez filed a motion seeking to be treated "as the defendants were treated in" Jones v. Morey's Pier, Inc., 230 N.J. 142 (2017), and Burt v. West Jersey Health Systems, 339 N.J. Super. 296 (App. Div. 2001), cases in which third-party defendants were relieved from participating at trial, yet the remaining defendants were entitled to present evidence of their negligence. Fernandez argued that since plaintiff never sued him, plaintiff cannot recover from him. Fernandez thus sought to insulate himself from participating at trial, and to have any liability apportioned to him reduced from plaintiff's recovery.

The trial court denied Fernandez's motion, concluding that the dismissed defendants in Jones and Burt "were dismissed meritoriously" and that "[t]here is no basis for dismissal of movant here." The Appellate Division affirmed the trial court's order. Fernandez filed a motion for leave to file an interlocutory appeal, which the Court granted. 238 N.J. 441 (2019).

1

**HELD:** Third-party defendants are subject to the contribution claims filed against them by joint tortfeasors, unless there exists a right to a dismissal of the claims against them. Here, Fernandez fails to present a meritorious right to dismissal. Fernandez is therefore an active third-party defendant who must participate at trial.

1. The Comparative Negligence Act provides that the recovering party "may recover . . . [t]he full amount of the damages from any party determined by the trier of fact to be 60% or more responsible for the total damages." N.J.S.A. 2A:15-5.3(a). In that instance, the party that is "compelled to pay more than the percentage of damages corresponding to the jury's allocation of fault to that defendant ordinarily has a remedy under the Comparative Negligence Act: a claim for 'contribution from the other joint tortfeasors.'" Jones, 230 N.J. at 159-60 (quoting N.J.S.A. 2A:15-5.3(e)). A defendant may file a claim for contribution against a third party that was not sued by the plaintiff. Although an active third-party defendant must participate in the litigation and is subject to liability in contribution, a plaintiff cannot recover directly from a party against whom he never files an affirmative claim. Thus, a third-party defendant who is never sued directly by the plaintiff is potentially liable only to the third-party plaintiff that filed the claim for contribution against him, if and after the third-party plaintiff "is compelled to pay more than his percentage share," N.J.S.A. 2A:15-5.3(e), and the trier of fact accords a percentage of fault against the third-party defendant, N.J.S.A. 2A:15-5.2(a)(2). In that instance, the third-party plaintiff is entitled to recover contribution from the third-party defendant in the amount of the third-party defendant's share in the judgment. (pp. 13-17)

2. Pursuant to the Quest defendants' third-party complaint claim for contribution, Fernandez is an active party in the litigation as a joint tortfeasor, regardless of plaintiff's decision not to file an affirmative claim against him. While plaintiff cannot recover from Fernandez directly, fault can be allocated to Fernandez. The Court details how the allocation of fault to Fernandez could affect plaintiff's recovery under provisions of N.J.S.A. 2A:15-5.3. The fact that plaintiff cannot recover from Fernandez directly does not mean that his participation is not necessary to enable the trier of fact to allocate fault. The trial court properly denied his motion seeking dismissal from the trial. (pp. 17-18)

3. The Court rejects Fernandez's reliance on Jones and Burt. In Jones, the relevant defendant was a public entity dismissed pursuant to a statutory time bar not applicable here. In Burt, one of two defendants against which a plaintiff brought suit was dismissed from the case because the plaintiff failed to serve on it an affidavit of merit. The Appellate Division stressed that the Affidavit of Merit Act, "by its very terms, applies to plaintiffs, not cross-claimants," 339 N.J. Super. at 305, and ruled that the cross-claimant defendant could pursue its claim for contribution against the dismissed defendant without having to comply with affidavit-of-merit requirements. Significantly, the appellate court "express[ed] no opinion as to whether a defendant who seeks to implead a new defendant by way of third-party complaint . . . must file an [a]ffidavit of [m]erit." Id. at 305 n.2 (emphasis added). The Court notes that the Appellate Division held in another case that

2

no affidavit of merit is required when "a defendant subject to the [a]ffidavit of [m]erit statute asserts a third-party claim in the nature of contribution or joint tortfeasor liability as against another professional also subject to the statute." Diocese of Metuchen v. Prisco & Edwards, AIA, 374 N.J. Super. 409, 418 (App. Div. 2005). Here, however, the Court does not decide whether the requirements of the Affidavit of Merit Act were met because Fernandez did not oppose the Quest defendant's motion for a declaration that no affidavit of merit was needed, nor did he file a motion for reconsideration or challenge the trial court's grant of that motion on appeal. The Court therefore declines to address whether a third-party plaintiff is required to serve an affidavit of merit against a third-party defendant it brings into a lawsuit pursuant to Rule 4:8-1. (pp. 19-21)

**AFFIRMED. The matter is REMANDED for further proceedings.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, SOLOMON, and TIMPONE join in JUSTICE FERNANDEZ-VINA's opinion.**

3

SUPREME COURT OF NEW JERSEY
A-88 September Term 2018
082739

Samuel Mejia, Individually
and as Administrator and Administrator
ad Prosequendum of the
Estate of Tania Mejia,

Plaintiffs-Respondents,

v.

Quest Diagnostics, Inc.,
Teresita Lanio, Linda Pham,
Simon B. Santos, M.D., and
Simon B. Santos Medical Group, LLC,

Defendants.

Quest Diagnostics, Inc.,
Teresita Lanio and
Linda Pham,

Third-Party Plaintiffs,

v.

Jacinto Fernandez, M.D.,

Third-Party Defendant-Appellant,

and

Simon B. Santos, M.D.,

Third-Party Defendant.

1

Samuel Mejia, Individually
and as Administrator and Administrator
ad Prosequendum of the
Estate of Tania Mejia,

Plaintiffs-Respondents,

v.

Quest Diagnostics, Inc.,
Teresita Lanio, Linda Pham,
Simon B. Santos, M.D., and
Simon B. Santos Medical Group, LLC,

Defendants.

Quest Diagnostics, Inc.,
Teresita Lanio, and
Linda Pham,

Third-Party Plaintiffs,

v.

Jacinto Fernandez, M.D.,
and Simon B. Santos, M.D.,

Third-Party Defendants.

On appeal from the Superior Court,
Appellate Division.

Argued                  Decided
November 6, 2019        March 16, 2020

William L. Brennan argued the cause for appellant (The Law Office of William L. Brennan, attorneys; William L. Brennan, of counsel and on the brief, and John G. Kilbride, Mary Grace Callahan, and Abbey True Harris, on the brief).

Brian E. Mahoney argued the cause for respondents (Blume, Forte, Fried, Zerres & Molinari, attorneys; Carol L. Forte, of counsel, and Brian E. Mahoney, on the briefs).

Eric S. Poe argued the cause for amicus curiae New Jersey Physicians United Reciprocal Exchange (Eric S. Poe, attorneys; Eric S. Poe, of counsel and on the brief).

Anthony Argiropoulos argued the cause for amicus curiae New Jersey Doctor-Patient Alliance (Epstein Becker & Green, attorneys; Anthony Argiropoulos, of counsel and on the brief).

E. Drew Britcher argued the cause for amicus curiae New Jersey Association for Justice (Britcher Leone, attorneys; E. Drew Britcher, of counsel and on the brief, and Jessica E. Choper, on the brief).

Philip S. Goldberg submitted a brief of behalf of amici curiae American Medical Association and Medical Society of New Jersey (Shook, Hardy & Bacon, attorneys; Philip S. Goldberg, on the brief).

JUSTICE FERNANDEZ-VINA delivered the opinion of the Court.

In this case, the Court must decide whether a third-party defendant, facing only claims for contribution and common-law indemnification from an

original defendant that did not file an affidavit of merit against him, must participate in the trial establishing the underlying liability.

The instant matter arises out of a medical malpractice action based on the failure to detect decedent Tania Mejia's cervical cancer via PAP smears. Plaintiff Samuel Mejia, individually and as administrator of the estate of his late wife, filed a complaint against Quest Diagnostics, Inc., and two of its employees (the Quest defendants). The Quest defendants then filed third-party claims for contribution and indemnification against Dr. Jacinto Fernandez, Tania's gynecologist, and Dr. Simon Santos, her family practitioner. Plaintiff filed an affirmative claim against Santos but never filed a claim against Fernandez. The issue in this case arises out of plaintiff's decision not to file a claim against defendant Fernandez.

Shortly before trial, Fernandez filed a motion seeking to be treated "as the defendants were treated in" Jones v. Morey's Pier, Inc., 230 N.J. 142 (2017), and Burt v. West Jersey Health Systems, 339 N.J. Super. 296 (App. Div. 2001). In Jones, a third-party defendant was barred from the suit pursuant to the notice-of-claims provision of the Tort Claims Act, N.J.S.A. 59:8-8. 230 N.J. at 148-49. In Burt, a defendant was dismissed from the suit because of the plaintiff's failure to timely serve an affidavit of merit, N.J.S.A. 2A:53A-27. 339 N.J. Super. at 301. In those cases, third-party defendants were

4

relieved from participating at trial, yet the remaining defendants were entitled to present evidence of their negligence. Jones, 230 N.J. at 169; Burt, 339 N.J. Super. at 308. In Jones, we determined that under those circumstances, "[i]f the jury allocates a percentage of fault to the [relieved defendant], the trial court shall mold the judgment to reduce the [remaining] defendants' liability to [the] plaintiffs in accordance with the percentage of fault allocated to the [relieved defendant]." 230 N.J. at 170 (citing N.J.S.A. 2A:15-5.2(d)).

In support of his motion, Fernandez likened his right to dismissal to the dismissed defendant in Burt, because an affidavit of merit was never served on him by any party. However, the trial court granted an unopposed motion from the Quest defendants requesting the court "declar[e] that [the Quest d]efendants are not required to serve an [a]ffidavit of [m]erit with respect to their third[-]party claims . . . against [defendant] Fernandez." The trial court denied Fernandez's motion, concluding that the dismissed defendants in Jones and Burt "were dismissed meritoriously" and that "[t]here is no basis for dismissal of movant here." The Appellate Division affirmed the trial court's judgment in an unpublished opinion.

We agree and affirm. Third-party defendants are subject to the contribution claims filed against them by joint tortfeasors, unless there exists a right to a dismissal of the claims against them. Here, Fernandez fails to

5

present a meritorious right to dismissal. Fernandez is therefore an active third-party defendant who must participate at trial.

I.

A.

During the summer of 2010, Tania visited Santos, a family practitioner, complaining of stomach pain, headaches, vomiting, leg and toe numbness, insomnia, and dizziness. A computed tomography (CT) scan revealed a potential mass in Tania's uterus; however, there is no evidence that Dr. Santos reviewed the CT scan results with her, nor is there evidence that he sent those results to her gynecologist, Fernandez.

In December 2010, Tania saw Fernandez, her gynecologist since 1995, for a regular examination. A PAP smear was performed, and the results were reported as normal by the Quest defendants. One year later, Tania again visited Fernandez, complaining "of cramping with passage of heavy clots and vaginal discharge." Another PAP smear was performed, and the results were reported as normal by the Quest defendants.

However, in June 2012, Fernandez diagnosed Tania with cervical cancer. Approximately six months later, she died at the age of thirty-nine. She was survived by plaintiff and her fifteen-year-old daughter.

6

B.

1.

In June 2014, plaintiff filed his initial complaint and served an affidavit of merit against the Quest defendants, alleging they failed to detect Tania's cancer via the PAP smears. One year later, pursuant to leave granted, the Quest defendants filed an amended answer and third-party complaint against Fernandez, seeking contribution and common-law indemnification. Fernandez filed an answer that included counterclaims for contribution and indemnification against the Quest defendants and demanded that Quest serve an affidavit of merit.

Shortly thereafter, all parties appeared for a case management conference, where Fernandez's counsel again demanded that the Quest defendants serve an affidavit of merit against Fernandez. The Quest defendants then filed a motion "for an [o]rder declaring that [the Quest defendants] are not required to serve an [a]ffidavit of [m]erit with respect to their third[-]party claims . . . against [defendant] Fernandez." On September 4, 2015, the trial court issued an order granting the Quest defendants' motion "in its entirety." The order was granted "unopposed." Fernandez never filed a motion for reconsideration. Although Quest never served an affidavit of merit,

7

it later served an expert report stating that Fernandez deviated from the standard of care.

In March 2016, the Quest defendants filed an amended third-party complaint against Santos, seeking contribution and indemnification. Fernandez filed an answer, raising counterclaims for contribution and indemnification against the Quest defendants and Santos. Santos then filed an answer that included counterclaims against both the Quest defendants and Fernandez.

Plaintiff filed an amended complaint to include direct claims and an affidavit of merit against Santos and his medical group. Plaintiff did not file suit against Fernandez and asserts that his reviewing gynecologist expert "disclosed no basis for the assertion of . . . a claim" against Fernandez. Plaintiff asserts his "attorneys were 'duty-bound' by ethics rules, the proscription of frivolous claims[,] and the requirements of medical malpractice law to refrain from filing such a claim."

2.

In April 2018, Fernandez filed a motion seeking to be treated "as the defendants were treated in" Jones and Burt. He argued that since plaintiff never sued Fernandez, he cannot recover from Fernandez. Relying on Jones and Burt, Fernandez sought to insulate himself from participating at trial, and

8

to have any liability apportioned to him reduced from plaintiff's recovery. Plaintiff opposed the motion, and the trial judge denied the motion in a court order. In a brief accompanying statement of reasons, the judge ruled that the excused defendants "in Jones and Burt were dismissed meritoriously," and "[t]here is no basis for [the] dismissal of movant here."

The Appellate Division granted Fernandez's motion for leave to appeal the trial court order. In an unpublished decision, the court affirmed the trial court order denying his motion to be treated like the defendants in Jones and Burt.

The Appellate Division distinguished Jones and Burt on the ground that "[t]hose cases concerned third-party defendants previously dismissed on the merits," whereas here, Fernandez "remains an active party, not a third-party defendant dismissed on the merits." The court also rejected Fernandez's argument that since he was not sued by plaintiff directly, he is not subject to liability. The court found that Fernandez "assumes that he faces no potential liability to the Quest defendants or [defendant] Santos on their contribution claims for damages awarded to plaintiff." Pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.8, and the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 to -5, the Appellate Division determined that

9

> [i]f the jury should adjudge either the Quest defendants or Dr. Santos to be sixty percent or more at fault, and also adjudge a percentage of fault against Dr. Fernandez, then in that circumstance, Dr. Fernandez would be financially responsible for damages on the contribution claim of the co-defendant adjudged sixty percent or more at fault.

The appellate court further found that even if it "were to accept the premise of Dr. Fernandez that he cannot be financially responsible for damages . . . it would unfairly prejudice plaintiff, this late in the proceedings, to require plaintiff to present a defense of Dr. Fernandez." At the time Fernandez filed this motion, "the case was nearly four years old, after the entry of nine case management orders and the expiration of expert witness deadlines." The court observed that Fernandez "previously retained an expert on his own behalf . . . and served a report from him."

Fernandez filed a motion for leave to file an interlocutory appeal with this Court, which we granted. 238 N.J. 441 (2019). We also granted amicus curiae status to the New Jersey Association for Justice (NJAJ), the American Medical Association and Medical Society of New Jersey (collectively, AMA), the New Jersey Physicians United Reciprocal Exchange (NJ PURE), and the New Jersey Doctor-Patient Alliance (NJDPA).

10

II.

A.

Fernandez contends he should be treated like the excused defendants in Burt and Jones -- that is, he should be dismissed from the action, should not have to participate at trial, and, if the jury allocates a percentage of fault against him, the trial court should mold the judgment to reduce the remaining defendants' liability to plaintiff in accordance with the percentage of fault allocated to him. Fernandez asserts this result is warranted because plaintiff never sued him directly, yet plaintiff is still "in the position to recover 100% of his damages."

Fernandez complains he was never served an affidavit of merit, and therefore the requirements set forth in the Affidavit of Merit Act, N.J.S.A. 2A:53A-27 to -29, have been circumvented in this case. He points to the Appellate Division's statement in Burt that "the ultimate question" was "the effect of [the] plaintiff's failure to comply with the Affidavit of Merit Act upon the [remaining] defendants' right to contribution." (citing 339 N.J. Super. at 306-07). Because he, like the defendant in Burt, was never served an affidavit of merit, Fernandez contends there is a split between the Appellate Division's decisions in this case and in Burt. Amici NJ PURE, the NJDPA,

11

and the AMA likewise ask this Court to rule in favor of Fernandez pursuant to the Affidavit of Merit Act.

B.

Plaintiff contends that the Quest defendants and Santos have viable claims for contribution and indemnification against Fernandez. Plaintiff asserts that Burt and Jones resulted from procedural mischief or neglect on the part of the plaintiffs, who were then penalized. Here, plaintiff claims he has "done nothing wrong." Thus, plaintiff contends the appellate court "did not depart from the lessons of Burt and Jones," but rather "strictly adhered to those cases" and "found that the facts at issue in the current case were readily distinguishable."

The NJAJ, appearing as amicus curiae, asks this Court to find that Fernandez remains an active defendant and therefore the Appellate Division correctly found this case distinguishable from Burt and Jones. The NJAJ submits "Fernandez's argument is flawed because he overlooks the fact that he was never dismissed from this case."

III.

"When no issue of fact exists, and only a question of law remains, this Court affords no special deference to the legal determinations of the trial court." Cypress Point Condo. Ass'n, Inc. v. Adria Towers, L.L.C., 226 N.J.

12

403, 415 (2016) (citing <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995)); <u>see also</u> <u>Ferrante v. N.J. Mfrs. Ins. Grp.</u>, 232 N.J. 460, 468 (2018) ("Absent factual questions, this Court reviews legal determinations de novo.").

IV.

The legal question before us is whether a third-party defendant must participate in a trial to establish underlying liability under the circumstances presented here or whether he should be dismissed from the case because no direct claim was asserted against him and he was not served with an affidavit of merit. To answer that question, we review the nature of claims for contribution.

A.

Claims for contribution arise from "the statutory scheme for the allocation of fault to joint tortfeasors, prescribed by the Comparative Negligence Act and Joint Tortfeasors Contribution Law." <u>Jones</u>, 230 N.J. at 158. The Comparative Negligence Act provides that in all negligence actions in which the question of liability is in dispute, the trier of fact makes two determinations:

> (1) The amount of damages which would be recoverable by the injured party regardless of any consideration of negligence or fault, that is, the full value of the injured party's damages.

13

> (2) The extent, in the form of a percentage, of each party's negligence or fault. The percentage of negligence or fault of each party shall be based on 100% and the total of all percentages of negligence or fault of all the parties to a suit shall be 100%.
>
> [N.J.S.A. 2A:15-5.2(a).]

The judge then molds the judgment in accordance with the jury's allocation of fault to all parties, whose liability is limited in accordance with each party's percentage of fault. See N.J.S.A. 2A:15-5.2(d); Ginsberg v. Quest Diagnostics, Inc., 227 N.J. 7, 20-21 (2016). However, the recovering party "may recover . . . [t]he full amount of the damages from any party determined by the trier of fact to be 60% or more responsible for the total damages." N.J.S.A. 2A:15-5.3(a). In that instance, the party that is "compelled to pay more than the percentage of damages corresponding to the jury's allocation of fault to that defendant ordinarily has a remedy under the Comparative Negligence Act: a claim for 'contribution from the other joint tortfeasors.'" Jones, 230 N.J. at 159-60 (quoting N.J.S.A. 2A:15-5.3(e)). The claim is governed by the Joint Tortfeasors Contribution Law, which provides that when "a joint tortfeasor pays the judgment 'in whole or in part,' that party shall be entitled to recover contribution from other joint tortfeasors 'for the excess so paid over his pro rata share.'" Id. at 160 (quoting N.J.S.A. 2A:53A-3).

14

As to those parties "determined by the trier of fact to be less than 60% responsible for the total damages," their liability is limited to "[o]nly that percentage of the damages directly attributable to [their] negligence or fault." N.J.S.A. 2A:15-5.3(c).

Defendants can pursue claims for contribution by bringing third parties into a suit pursuant to Rule 4:8-1(a), which provides that "[a] defendant, as third-party plaintiff, may file and serve a . . . third-party complaint . . . upon a person not a party to the action who . . . may be liable to defendant for all or part of the plaintiff's claim against defendant." Thus, a defendant may file a claim for contribution against a third party that was not sued by the plaintiff.

In Holloway v. State, 125 N.J. 386, 402 (1991), this Court determined that contribution should not depend upon whether a defendant is sued as a third-party defendant pursuant to Rule 4:8-1, or as a direct defendant subject to a cross-claim for contribution pursuant to Rule 4:7-5(a).

> [T]he procedural status of a defendant-in-contribution -- whether as a third-party defendant-in-contribution in a separate action, a third-party defendant-in-contribution in the action establishing the underlying liability, or as a direct defendant and cross-claim defendant-in-contribution in the action establishing the underlying liability, neither alters nor modifies the rule that the injured party's negligence should be compared with that of each joint tortfeasor. How joint tortfeasors arrive at the litigation should not affect the substantive right of contribution. That point is confirmed by [Lee's Hawaiian Islanders, Inc. v. Safety First Products, Inc.,

15

195 N.J. Super. 493, 506 (App. Div. 1984)]: "[I]f plaintiff chooses to sue only one joint tortfeasor and that joint tortfeasor is consequently compelled to bring his own contribution action against other tortfeasors, he should in the contribution action be both entitled to and burdened by the same contribution consequences which would have obtained had plaintiff himself sued both tortfeasors."

[Holloway, 125 N.J. at 402 (citations omitted).]

In Lee's Hawaiian, the Appellate Division found that a trial of all parties, including a third-party defendant that the plaintiff never sued, was necessary for the trier of fact to determine the allocation of percentage of negligence to each defendant. 195 N.J. Super. at 497-98, 506. After a kitchen fire in its restaurant, the plaintiff sued one defendant, "alleg[ing] that the fire suppression system failed to operate properly." Id. at 497. The defendant "then filed two separate third-party complaints . . . each of which sought contribution or, in the alternative, indemnification from the third-party defendants." Ibid. The plaintiff then "amended its complaint to assert an affirmative claim against" only one of the third-party defendants, yet the appellate court determined that a trial including all the parties was necessary. Ibid.; see id. at 506 ("[T]he percentage allocation among tortfeasors dictated by the Comparative Negligence Act applies where, as here, contribution is claimed by a defendant in a separate action. Clearly a defendant's right to

16

contribution from a joint tortfeasor cannot be controlled by plaintiff's unilateral decision not to join all tortfeasors.").

Although an active third-party defendant must participate in the litigation and is subject to liability in contribution, a plaintiff cannot recover directly from a party against whom he never files an affirmative claim. See Town of Kearny v. Brandt, 214 N.J. 76, 103 (2013); Sattelberger v. Telep, 14 N.J. 353, 363 (1954). Thus, a third-party defendant who is never sued directly by the plaintiff is potentially liable only to the third-party plaintiff that filed the claim for contribution against him, if and after the third-party plaintiff "is compelled to pay more than his percentage share," N.J.S.A. 2A:15-5.3(e), and the trier of fact accords a percentage of fault against the third-party defendant, N.J.S.A. 2A:15-5.2(a)(2). In that instance, the third-party plaintiff is entitled to recover contribution from the third-party defendant in the amount of the third-party defendant's share in the judgment. See N.J.S.A. 2A:53A-3; Jones, 230 N.J. at 160.

## B.

Here, it is undisputed that the Quest defendants properly filed a third-party complaint against Fernandez, seeking contribution and indemnification. Pursuant to that claim for contribution, Fernandez is an active party in the litigation as a joint tortfeasor, regardless of plaintiff's decision not to file an

17

affirmative claim against Fernandez. See Holloway, 125 N.J. at 402. Therefore, a trial is necessary for the trier of fact to determine the allocation of percentage of negligence to each defendant.

While plaintiff cannot recover from Fernandez directly, see Sattelberger, 14 N.J. at 363, we agree with the Appellate Division that if the trier of fact determines defendants Quest or Santos to be sixty percent or more at fault, then plaintiff can recover the full amount of damages from that party, N.J.S.A. 2A:15-5.3(a), and if Fernandez is found to be between one and forty percent at fault, then he would be liable for his percentage of fault in contribution to the party that paid the full amount of damages to plaintiff, N.J.S.A. 2A:15-5.3(e). If Fernandez is determined by the trier of fact to be sixty percent or more at fault, then plaintiff's recovery will be limited to the remaining percentages of fault allocated to defendants Quest and Santos. And if Fernandez is determined to be 100% at fault, plaintiff recovers nothing.

As the Appellate Division determined in Lee's Hawaiian, however, the fact that plaintiff cannot recover from Fernandez directly does not mean that his participation is not necessary to enable the trier of fact to allocate fault. See 195 N.J. Super. at 497-98, 506. We therefore hold that the trial court properly denied Fernandez's motion seeking dismissal from the trial.

18

In so holding, we reject Fernandez's reliance on Jones and Burt. In Jones, the relevant defendant was a public entity dismissed pursuant to a statutory time bar not applicable here. See N.J.S.A. 59:8-8; Jones, 230 N.J. at 164. In Burt, one of two defendants against which a plaintiff brought suit was dismissed from the case because the plaintiff failed to serve on it an affidavit of merit. See 339 N.J. Super. at 301. The other defendant had filed a cross-claim against the dismissed defendant seeking contribution or indemnity. Id. at 302. The Appellate Division held that the other defendant's claim should not be vitiated by the plaintiff's failure to comply with the Affidavit of Merit Act. Id. at 304. The appellate court therefore held that fault should be allocated to the dismissed defendant even though the plaintiff could not recover from that defendant. Id. at 307. As a result, only the plaintiff was penalized for her failure to comply with the Affidavit of Merit Act. Fernandez argues that the same dismissal with fault allocation is warranted here.

The Affidavit of Merit Act, N.J.S.A. 2A:53A-27 to -29, mandates that a "plaintiff . . . provide each defendant with an affidavit" of merit under certain circumstances. N.J.S.A. 2A:53A-27. The Act provides that

> [i]n any action for damages for personal injuries . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession . . . the plaintiff shall, within 60 days following the date of

19

> filing of the answer to the complaint by the defendant, <u>provide each defendant with an affidavit</u> of an appropriate licensed person that there exists a reasonable probability that the care . . . exercised . . . in the treatment . . . fell outside acceptable professional . . . standards or treatment practices.
>
> [N.J.S.A. 2A:53A-27 (emphases added).]

"If <u>the plaintiff</u> fails to provide an affidavit [of merit] . . . , it shall be deemed a failure to state a cause of action." N.J.S.A. 2A:53A-29 (emphasis added). In <u>Burt</u>, the Appellate Division stressed that the Affidavit of Merit Act, "by its very terms, applies to plaintiffs, not cross-claimants," 339 N.J. Super. at 305, and ruled that the cross-claimant defendant could pursue its claim for contribution against the dismissed defendant "without having to comply with affidavit-of-merit requirements," Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 2.3 on <u>R.</u> 4:7-5 (2020).

Significantly, the appellate court "<u>express[ed] no opinion as to whether a defendant who seeks to implead a new defendant by way of third-party complaint pursuant to [Rule] 4:8-1(a), must file an [a]ffidavit of [m]erit</u>." <u>Burt</u>, 339 N.J. Super. at 305 n.2 (emphasis added). However, in <u>Diocese of Metuchen v. Prisco & Edwards, AIA</u>, the Appellate Division ruled that "where a defendant subject to the [a]ffidavit of [m]erit statute asserts a third-party claim in the nature of contribution or joint tortfeasor liability as against another professional also subject to the statute, no [a]ffidavit of [m]erit is

20

required." 374 N.J. Super. 409, 418 (App. Div. 2005). The basis for that court's reasoning rested on the proposition that a third-party plaintiff's claim for contribution against a third-party defendant is derivative of the original plaintiff's claim against the third-party plaintiff. Id. at 416.

We need not decide the derivative claim issue and whether the requirements of the Affidavit of Merit Act were met in this case. Plaintiff filed affirmative claims against defendants Quest and Santos, and properly served each with an affidavit of merit. The Quest defendants filed their claim for contribution against Fernandez, and thereafter filed a motion "for an [o]rder declaring that [they] are not required to serve an [a]ffidavit of [m]erit with respect to their third[-]party claims . . . against Dr. Fernandez." Fernandez did not oppose the motion, which the trial court granted. Fernandez did not file a motion for reconsideration, nor does he challenge the grant in this appeal. We therefore decline to address whether a third-party plaintiff is required to serve an affidavit of merit against a third-party defendant it brings into a lawsuit pursuant to Rule 4:8-1.

V.

For the reasons set forth, the judgment of the Appellate Division is affirmed.

21

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, SOLOMON, and TIMPONE join in JUSTICE FERNANDEZ-VINA's opinion.