JUSTICE ALBIN
dissenting.
Today, the majority holds that the State has no cleanup liability for its discharge of toxic pollutants onto New Jersey’s lands before passage of the New Jersey Spill Compensation and Control Act (Spill Act), N.J.S.A 58:10-23.11 to -23.24. The majority concludes that only private parties are responsible for cleaning up pre-Spill Act toxic discharges.
In passing and amending the Spill Act, however, the Legislature made no distinction between the State and private parties as toxic dischargers or owners of contaminated properties. Both the State and private parties are defined as a “person” for purposes of the Act. See N.J.S.A. 58:10-23.11b. Under the Spill Act, when the State and private parties are polluters, they have an equal responsibility to remediate contamination that threatens the health of our citizens and the integrity of our environment. Property contaminated before 1977, and not remediated, whether a school ground, a park, or a beach retention wall, is a threat to public health, even when the State is the polluter.
*305 In Department of Environmental Protection v. Ventron Corp., we stated, “the Legislature has expressly declared that the Spill Act should be given retroactive effect.” 94 N.J. 473, 498, 468 A.2d 150 (1983). We specifically held in Ventrón that the Legislature “established retroactive strict liability” against any “person” — a term that includes the State — for a hazardous-substance discharge, which the New Jersey Department of Environmental Protection (NJDEP) is cleaning up or has cleaned up. Id. at 497, 468 A.2d 150 (citing N.J.S.A. 58:10-23.11g(c)); see also N.J.S.A. 58:10-23.11b. In language that leaves no room for doubt, the Legislature made clear that if the State is a polluter, it is as responsible as any other party for the cleanup costs of a toxic site — regardless of when the contamination occurred. This clear expression of legislative intent constitutes an unmistakable waiver of sovereign immunity. See Allen v. Fauver, 167 N.J. 69, 74, 768 A.2d 1055 (2001) (noting that “clear and unambiguous legislative expression” constitutes waiver of sovereign immunity).
The majority’s conclusion that only private parties — and not the State — can be found at fault for pre-Spill Act discharges is at odds with the statute’s plain language, the Legislature’s policy objectives, and our decision in Ventrón. I therefore respectfully dissent.
I.
In 1976, the Legislature passed the Spill Act, which provided that “any person who has discharged a hazardous substance shall be strictly liable, without regard to fault, for all cleanup and removal costs.” L. 1976, c. 141, § 8(5)(c) (emphasis added). The Spill Act’s definition of “person” includes “the State of New Jersey and any of its political subdivisions or agents.” L. 1976, c. 141, § 3(n) (codified at N.J.S.A. 58:10-23.11b). That definition of “person” has not changed during the Spill Act’s forty-year history.
In 1979, the Legislature amended the Spill Act, making the State and any other person involved in a toxic discharge jointly and severally liable and subject to contribution. See L. 1979, c. 346, § 8(5)(c) (codified at N.J.S.A 58:10-23.11g(c)(l)). The Spill Act *306 provides that “any person who has discharged a hazardous substance, or is in any way responsible for any hazardous substance, shall be strictly liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred.” N.J.S.A 58:10 — 23.1lg(c)(1) (emphasis added). The Act also provides that “dischargers and persons shall have a right of contribution against all other dischargers and persons in any way responsible” for the discharge. N.J.S.A. 58:10 — 23.11f(a)(2)(a) (emphasis added). In accordance with N.J.S.A. 58:10-23.11f(a)(l), the NJDEP is authorized to “direct [a] discharger to clean up and remove, or arrange for the cleanup and removal of, the discharge.”
The 1979 amendment to the Spill Act also included a retroactivity provision, stating that “the [NJDEP] ... may remove or arrange for the removal of any hazardous substance which ... [h]as been discharged prior to [April 1, 1977,] the effective date of the act.” L. 1979, c. 346, § 7(b)(3) (codified at N.J.S.A 58:10-23.11f(b)). This Court in Ventrón, supra, determined that the strict-liability and joint-and-several-liability provision of N.J.S.A. 58:10-23.11g(c) applies to any “person” who has discharged a hazardous substance and is retroactive to the period before passage of the Spill Act.[1] 94 N.J. at 497, 468 A.2d 150. The joint-and-several-liability and contribution principles of Ventrón apply here, as well, see N.J.S.A 58:10-23.11g(e)(l), because the State is a “person” within the intendment of that statute, N.J.S.A. 58:10-23.11b.
The Legislature did not change the definition of “person” in making the Spill Act retroactive, and we have no authority to do so. Our charge is to read the Spill Act as it is written. Because there is no ambiguity about how the Legislature defined the term “person,” there can be no doubt that the Legislature intended the Spill Act to apply retroactively to the State. As a consequence of *307 the Legislature’s clear expression that the Spill Act applies retroactively to the State, sovereign immunity is a non-issue.
The majority acknowledges that private parties can be jointly and severally liable for pre-Spill Act discharges and can seek contribution from another liable party. Under the majority’s reading of the statute, however, a private party cannot seek contribution from the State when the State has joint responsibility for a pre-Spill Act discharge. That interpretation leads to the absurd result that when the State and a private party are both responsible for a toxic discharge, the private party is on the hook for the entire cleanup cost. And that is so, even when the State is ninety percent responsible for a discharge and the private party only ten percent responsible. The unfairness of this outcome is all the more flagrant because the NJDEP can select a site to be remediated where a private party is required to clean up a toxic spill primarily caused by the State.
The basic aim of allowing a right of contribution is to allocate fault so that no party pays more than its percentage of liability. See Magic Petroleum Corp. v. Exxon Mobil Corp., 218 N.J. 390, 403, 95 A.3d 175 (2014). This approach accords with basic notions of “equity and natural justice.” Ibid, (quoting Sattelberger v. Telep, 14 N.J. 353, 367-68, 102 A.2d 577 (1954)). The Spill Act allows one discharger to seek contribution from another discharger. See id. at 405, 95 A.3d 175. The right of contribution under the Spill Act encourages a discharger to remediate contamination promptly and effectively without “fear of bearing the entire cost of cleanup when other parties were also responsible.” Id. at 403, 95 A.3d 175. Exonerating the State from retroactive liability for remediating a pre-Act toxic discharge, while all others remain jointly and severally liable, does not accord with the Legislature’s carefully crafted scheme of allocating fault equitably.
Resolving the issue before us does not require interpretive acrobatics. A straightforward reading of the Spill Act and a simple application of Ventrón should have rendered an easy answer to the question of the State’s liability.
*308 II.
The State is the trustee of New Jersey’s natural resources and is ultimately responsible for ensuring the remediation of toxic contamination of our lands and waters through the Spill Act. See N.J.S.A. 58:10-23.11a. The Legislature made clear that the State should not be treated differently from other dischargers of toxic pollutants who have contaminated the environment, regardless of when our lands or waters were despoiled.
Because I believe the majority has misconstrued the Spill Act to reach a result never intended by the Legislature, I respectfully dissent.

 Ventrón involved various private corporate entities that discharged pollutants into Berry’s Creek before the effective date of the Spill Act and were held jointly and severally liable without regard to fault under N.J.S.A. 58:10-23.11g(c). Ventron, supra, 94 N.J. at 484-86, 503, 468 A.2d 150.