**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0934-24

NANCY HERBERT,

     Plaintiff-Appellant,

v.

CRAIG HERBERT,

     Defendant-Respondent.

_____

Submitted September 30, 2025 – Decided November 10, 2025

Before Judges Rose and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1198-14.

Law Office of Steven P. Monaghan, LLC, attorneys for appellant (Steven P. Monaghan and Kristin S. Pallonetti, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Nancy Herbert appeals from paragraph five of a November 12, 2024 Family Part order directing the equitable distribution of unused funds in an investment account owned by plaintiff and established for the benefit of the parties' son's education. Plaintiff contends the motion court, after denying defendant Craig Herbert's motion to apply the unused funds in their son's education account to their daughter's education costs, improperly ordered, sua sponte, equal division of the excess education funds between the parties should their son not exhaust the account within two years. Having reviewed the record in light of applicable legal principles, we reverse.

I.

After marrying in 1996, the parties had two children. They divorced in 2014, and the Final Judgment of Divorce (FJOD) incorporated their Marital Settlement Agreement (MSA). It is undisputed plaintiff maintained investment accounts pursuant to 26 U.S.C. § 529 (529 accounts or funds) for each child's post-high school educational expenses; the accounts were funded during the marriage entirely by inheritance from plaintiff's father; plaintiff remained the sole owner of the accounts throughout their existence; and defendant never contributed monetarily to the accounts.

A-0934-24

In their MSA, the parties addressed the children's post-high school education, agreeing:

> The parties shall contribute to the cost of their children's full-time post high school education in accordance with their respective financial positions at the time that each child is accepted into the institution and in accordance with Newburgh v. Arrigo, 88 N.J. 529, 542-43 (1982),[1] as well as the factors set forth in the support statute N.J.S.A. 2A:34-23(a).[2]

The MSA clarified this "provision [wa]s not intended to obligate either parent to pay for graduate school or cost beyond a four year college degree." The parties further identified the children's 529 accounts and their respective balances at the time: "The children have 529 accounts with approximately $81,000 for [their son] and $67,000 for [their daughter] which they received by way of inheritance funds." The MSA does not address or require transfer of unused funds between the two accounts should one child complete education with a surplus and the other deplete his or her funds before finishing. It is silent regarding any leftover balances.

---

[1] Newburgh sets forth guiding factors for determining parental contribution to higher education costs past the age of majority.

[2] N.J.S.A. 2A:34-23(a) lists ten factors for "determining the amount to be paid by a parent for [the] support of the child and the period during which the duty is owed."

3

By 2024, the parties' son had graduated college and was employed full-time. According to plaintiff, after accounting for "passive increases," "limited expenses," and her post-divorce contribution of at least $7,000, a surplus of $98,254.58 remained in their son's account. The parties' daughter, however, then continuing her undergraduate studies, had "depleted" her account with three semesters of college remaining.

On July 30, 2024, plaintiff moved for various relief, including requesting the court order defendant pay his entire proportionate share of their daughter's college expenses as set forth in the MSA and reimburse plaintiff for defendant's share of their daughter's college expenses plaintiff had advanced. In September, defendant moved for an order transferring the balance of their son's 529 account to cover their daughter's outstanding college expenses that exceeded the balance of her own 529 account.[3] Defendant alleged the depletion of their daughter's 529 funds warranted the transfer and use of the son's unused surplus to cover her remaining education costs. Plaintiff opposed the request contending "this would not be fair to" their son because he "was able to preserve a significant amount of his 529 account," and these surplus funds should be used for his

---

[3] Like plaintiff, defendant moved for additional forms of relief, but these requests and corresponding determinations contained in the November 12 order are not the subject of this appeal.

A-0934-24

potential graduate education. Plaintiff further asserted she had funded the entirety of both children's undergraduate educations, she continued to fund their daughter's education expenses, and defendant "only contributed $4,1170.50" to their daughter's tuition on one occasion.

Plaintiff contended, under the MSA, defendant should pay his proportionate share of their daughter's educational expenses beyond the amount in her 529 account "in accordance with their respective financial positions at the time." Plaintiff proposed a split of 70% for defendant and 30% for plaintiff to the daughter's educational costs, past and future, beyond her 529 account balance. Because the parties' son's college expenses were fully covered by 529 account funds, and the daughter's 529 account was only recently depleted, there had been no prior court determination of the parties' relative proportionate obligations. In proposing the 70/30 split, plaintiff asserted defendant's total income was $168,201.42, which represented 70% of their combined income, while plaintiff's total income was $72,053.27, which represented 30% of their combined income.

At oral argument, the court addressed education expenses. Plaintiff's counsel argued the parties' son's 529 account was created for his benefit and

 A-0934-24

should not be transferred to fund his sister's education; instead, defendant should pay his proportionate share of her outstanding education costs.

The court noted the money in the parties' son's 529 account does not belong to him, "he has not applied to graduate school," and there is no "indication" he will. The court then added, "I really think at the end of the day if you don't use it for education it goes back to the two [parties]." Plaintiff's counsel immediately clarified plaintiff contended only that the funds should be kept aside for their son's graduate school and was not seeking any ruling concerning the ultimate disposition of any possible remaining balance in the future.

Although the court indicated it considered the suggestion of transferring the unused education funds slated for one child to the other, the court recognized "that's not what [the parties'] deal said." Accordingly, the court denied defendant's request to apply the parties' son's 529 account surplus to fund their daughter's education, explaining, "it wasn't provided for [in the MSA], so I'm not doing it." Plaintiff's counsel then asked the court to allocate proportionately the parties' responsibility for their daughter's education costs beyond those covered by the 529 account.

6

The court returned its attention to the surplus in the parties' son's 529 account and advised, "Just so you know, . . . when you don't use the other 529 it's going back to the two [parties]. Just so you know. . . . It's coming out of there anyway if he doesn't use it." Plaintiff's counsel again indicated any consideration of potential future distribution was premature and could be addressed should the issue arise in the future, reminding the court the 529 accounts were funded by inheritance from plaintiff's father. The court responded by reiterating its view that any leftover funds in the parties' son's 529 account would be considered "marital funds, [and] they get divided back between the parties" equally since the parties "didn't provide for anything differently in their agreement."

The court's November 12, 2024 order followed. In relevant part, it provided the parties "shall divide the costs of [their daughter's] college expenses proportionately, with 70% to be paid by defendant . . . and 30% to be paid by [plaintiff]." The order further directed: "The parties shall preserve the 529 account for [their son's benefit] for a period of two years from the date of this order. Following this two-year period, any funds remaining in [the son's] account shall be divided equally by the parties, 50/50."

A-0934-24

II.

Plaintiff appeals and argues the court's sua sponte order, prospectively dividing equally between the parties the remaining balance of their son's 529 account, when neither party requested such relief, was improper and should be vacated. Plaintiff alternatively argues that even if we were to substantively address the disposition of any surplus, we must reverse the order as the court incorrectly determined the funds were subject to equitable distribution without analyzing the relevant factors under N.J.S.A. 2A:34-23.1, or thereafter evaluating the appropriate percentage split, if any.

III.

Findings by a Family Part judge are "binding on appeal when supported by adequate, substantial, and credible evidence." Cesare v. Cesare, 154 N.J. 394, 412 (1998). Additionally, "because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Id. at 413. However, an abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). The scope of our review is

A-0934-24

expanded "when 'the focus of the dispute is . . . alleged error in the . . . judge's evaluation of the underlying facts and the implications to be drawn therefrom.'" Clark v. Clark, 429 N.J. Super. 61, 71 (App. Div. 2012) (quoting In re Guardianship of J.T., 269 N.J. Super. 172, 188-89 (App. Div. 1993)). A "court's legal conclusions [are] always [reviewed] de novo." Ibid. (citing Balsamides v. Protameen Chems., 160 N.J. 352, 373 (1999)).

In reviewing a lower court's determination as to which assets are available for distribution or the valuation of those assets, the question "is whether the trial judge's findings are supported by adequate credible evidence in the record." Borodinsky v. Borodinsky, 162 N.J. Super. 437, 444 (App. Div. 1978) (citing Rothman v. Rothman, 65 N.J. 219, 232 (1974)). When the issue on appeal concerns the manner in which allocation of the eligible assets is made, "an appellate court may determine whether the amount and manner of the award constituted an abuse of the trial judge's discretion." Ibid. Although the Family Part "has broad discretion in . . . allocating assets subject to equitable distribution, . . . the court must provide factual underpinning and legal bases supporting the exercise of judicial discretion." Clark, 429 N.J. Super. at 71-72.

Before examining the court's substantive order, we first address plaintiff's claim that the court erred when it raised and resolved distribution of the surplus

9                                                                            A-0934-24

529 funds should the parties' son not ultimately utilize them for further education.  We have reviewed the record, and we conclude the court mistakenly applied its discretion by deciding a matter not properly before it.

Our Supreme Court has long held that when neither party seeks a certain form of relief on a specific issue, it is improper for a trial court to "sua sponte" grant such relief as neither party has "notice" or an "opportunity to prepare a factual record to support or oppose" it.  Grabowsky v. Twp. of Montclair, 221 N.J. 536, 541, 550 (2015); see also Sattelberger v. Telep, 14 N.J. 353, 363 (1954) (concluding courts of original jurisdiction cannot enter judgments that are not responsive to the pleadings before them).

Plainly, neither party sought equitable distribution or a prospective order addressing any unused funds in the parties' son's account in the event the court declined to transfer that surplus to pay their daughter's education costs.  Indeed, plaintiff's counsel at oral argument clearly opposed the court's suggestion as legally disputed and, at minimum, premature.  There is no evidence in the record before us, including plaintiff's written submission to the motion court seeking to compel defendant's proportionate share of their daughter's college expenses, defendant's cross-motion requesting only that their son's excess funds be utilized to pay their daughter's excess expenses, and the parties' oral argument before the

10

motion court, that either party requested the court make any further determination as to the surplus 529 funds.[4]  Because the equitable distribution issue was not raised by the parties, they were deprived of notice and an opportunity to appropriately address the complex matter.  Accordingly, we reverse and vacate the portion of the order, specifically paragraph five, directing equitable distribution of any surplus 529 funds.

Concluding the court's equitable distribution determination in paragraph five of the order was erroneous, we need not address plaintiff's remaining arguments.  We note only that the analysis of whether and to what extent these funds were marital assets subject to equitable distribution, and whether and in what relative amounts they should be distributed, if at all, necessitates a far more complex analysis than that conducted here, on notice and a far more fulsome record than that before the motion court.

To be subject to equitable distribution, property must be "legally and beneficially acquired" during the marriage.  N.J.S.A. 2A:34-23(h)(1).  Importantly, property must be excluded from equitable distribution if "acquired

---

[4] Plaintiff's appellate appendix includes the filings before the motion court.  See R. 2:6-1(a)(2) (prohibiting the inclusion of trial court briefs in the appellate appendix unless the issue raised "is germane to the appeal").  Plaintiff also provided the oral argument transcript from September 27, 2024.

11

during the marriage or civil union by either party by way of gift, devise, or intestate succession." N.J.S.A. 2A:34-23(h)(1). Here, it appears defendant did not contribute to the children's 529 accounts, the accounts were funded during the marriage exclusively by inheritance from plaintiff's father, and plaintiff was the sole owner of those accounts. Further, plaintiff asserted she contributed to her son's account post-FJOD.

Thus, the threshold question as to whether the 529 accounts were subject to equitable distribution, on this record, remained unresolved, as did any determination of arguable distribution percentages and amounts. See N.J.S.A. 2A:34-23.1 (setting forth a non-exhaustive list of factors courts must consider and requiring specific findings of fact on the evidence relevant to all issues pertaining to asset eligibility or ineligibility, asset valuation, and equitable distribution).

Paragraph five of the November 12, 2024 order is reversed; the remaining paragraphs of the order remain in full force and effect.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

12                                                          A-0934-24